FORM 1 VOLUNTARY PETITION

| United States Bankruptcy Court<br>Northern District of Illinois | VOLUNTARY PETITION |
|---|---|
| IN RE (Name of debtor-If individual, enter Last, First, Middle)<br>CLEVELAND, TOMMIE | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle)<br>CLEVELAND SHIRLEY A |
| ALL OTHER NAMES used by debtor in the last 6 years (Include married, maiden and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (Include married, maiden and trade names.) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br>-3439 | SOC. SEC./TAX I.D. NO. (If more than one, state all)<br>-3553 |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)<br>4465 LINDENWOOD DRIVE<br>MATTESON IL 60443 | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip)<br>4465 LINDENWOOD DRIVE<br>MATTESON IL 60443 |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS: Cook | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) | [X] Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>[ ] There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District. |

INFORMATION REGARDING DEBTOR (Check applicable boxes)

| TYPE OF DEBTOR | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box) |
|---|---|
| [ ] Individual    [ ] Corporation Publicly Held<br>[X] Joint (H&W)   [ ] Corporation Not Publicly Held<br>[ ] Partnership   [ ] Municipality<br>[ ] Other | [ ] Chapter 7    [ ] Chapter 11   [X] Chapter 13<br>[ ] Chapter 9    [ ] Chapter 12   [ ] § 304-Case Ancillary to Foreign Proceeding |
| NATURE OF DEBT<br>[X] Non-Business Consumer  [ ] Business - Complete A&B below | FILING FEE (Check one box)<br>[X] Filing fee attached.<br>[ ] Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). see Offical Form No..3 |
| A. TYPE OF BUSINESS (check one box)<br>[ ] Farming    [ ] Transportation    [ ] Commodity Broker<br>[ ] Professional [ ] Manufacturing/Mining [ ] Construction<br>[ ] Retail/Wholesale   [ ] Real Estate<br>[ ] Railroad   [ ] Stockbroker   [ ] Other Business<br>B. BRIEFLY DESCRIBE NATURE OF BUSINESS | NAME AND ADDRESS OF LAW FIRM OR ATTORNEY<br>Law Offices of Ronald B. Lorsch<br>1829 West 170th Street<br>Hazel Crest, IL 60429<br>Telephone No. (708) 799-0102 |
|  | NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR<br>[ ] Debtor is not represented by an attorney. Telephone no. of debtor not represented by : |

STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)
(Estimates only) (Check applicable boxes)

[X] Debtor estimates that funds will be available for distribution to unsecured creditors.
[ ] Debtor estimates that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
[ ] 1-15   [X] 16-49   [ ] 50-99   [ ] 100-199   [ ] 200-999   [ ] 1000-over

ESTIMATED ASSETS (in thousands of dollars)
[ ] Under 50  [ ] 50-99  [X] 100-499  [ ] 500-999  [ ] 1000-9999  [ ] 10,000-99,000  [ ] over 100,000

ESTIMATED LIABILITIES (in thousands of dollars)
[ ] Under 50  [ ] 50-99  [X] 100-499  [ ] 500-999  [ ] 1000-9999  [ ] 10,000-99,000  [ ] over 100,000

ESTIMATED NUMBER OF EMPLOYEES -CH 11 & 12 ONLY
[ ] 0   [ ] 1-19   [ ] 20-99   [ ] 100-999   [ ] 1000

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
[ ] 0   [ ] 1-19   [ ] 20-99   [ ] 100-499   [ ] 500-over

```
U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 05/06/2004
Time:  10:47:58
Debtor: TOMMIE CLEVELAND
Case:  04-17852      Fee : 194
Chapter: 13 Rec. # : 3079332
Judge: Jacqueline Cox
341 mtg: 06/10/2004 @ 03:00PM
ConfHrg: 06/28/2004 @ 10:30AM
Trustee: TOM VAUGHN
```

1:04BK17852-BK001

| Name of Debtor | | Case No. |
|---|---|---|
| | | (Court use only) |

### FILING OF PLAN
For Chapter 9, 11,12 and13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____ is attached.

☐ Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| NORTHERN DISTRICT ILLINOIS EASTERN DISTRICT | 01B45357 | 12/26/01 |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THIS DEBTOR (if more than one, attach additional sheet.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| | | |
| Relationship | District | Judge |
| | | |

### REQUEST FOR RELIEF
Debtor requests relief in accordance with the chapter of title II, United States Code, specified in this petition.

### SIGNATURES

**ATTORNEY**

X _[signature]_  Date _____
Signature

| INDIVIDUAL /JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized. |
| X _____<br>Signature of Debtor<br>Date | X _____<br>Signature of Authorized Individual |
| | Print or Type Name of Authorized Individual |
| X _____<br>Signature of Joint Debtor<br>Date | Title of Individual Authorized by Debtor to File this Petition<br>Date |

### EXHIBIT "A" ( To be completed if debtor is a corporation requesting relief under chapter 11.)
☐ Exhibit "A" is attached and made a part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)
I am aware that I may proceed under chapter 7,11,12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, exhibit "B" has been completed.

X _____  Date _____
Signature of Debtor

X _____  Date _____
Signature of Joint Debtor

### EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)
I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they ) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief availabe under each such chapter.

X _____  Date _____
Signature of Attorney

SCHEDULE B
PERSONAL PROPERTY

In re: CLEVELAND, TOMMIE & SHIRLEY A          Debtor(s)          Case No. _____ (if known)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | x | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | x | H pension at former employer<br>W Pension at work | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | x | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | x | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | x | | | |
| 15. Accounts receivable. | x | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | x | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | x | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | x | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | x | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | x | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 CHEVROLET TRAILBLAZER LS<br><br>2000 CHEVROLET CAVALIER 72,000 miles | | 20300<br><br>4750 |
| 24. Boats, motors, and accessories. | x | | | |
| 25. Aircraft and accessories. | x | | | |
| 26. Office equipment, furnishings, and supplies. | x | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 28. Inventory. | x | | | |
| 29. Animals. | x | | | |
| 30. Crops - growing or harvested. Give particulars. | x | | | |
| 31. Farming equipment and implements. | x | | | |
| 32. Farm supplies, chemicals, and feed. | x | | | |
| 33. Other personal property of any kind not already listed. Itemize. | x | | | |

Total -> $ 28135

None    (Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)

_____ continuation sheets attached

In re: CLEVELAND, TOMMIE & SHIRLEY A        Debtor(s)        Case No.        (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.
☑ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 4465 LINDENWOOD RESIDENCE | 735 ILCS 5/12 901 | 15000 | 150,000 |
| CASH | 735 ILCS 5/12 1001b | 10 | 10 |
| CHECKING | 735 ILCS 5/12 1001b | 175 | 175 |
| HOUSEHOLD GOODS | 735 ILCS 5/12 1001b | 950 | 1900 |
| WEARING APPAREL | 735 ILCS 5/12 1001a | 400 | 400 |
| JEWELRY | 735 ILCS 5/12 1001b | 600 | 600 |
| PENSIONS | 735 ILCS 5/12 1006 | ENTIRE PROCEEDS | UNKNOWN |
| 2002 CHEVROLET TRAILBLAZER | 735 ILCS 5/12 1001b | 2265 | 20300 |
|  | 735 ILCS 5/12 1001c | 2400 | 20300 |

re: CLEVELAND, TOMMIE & SHIRLEY A          Debtor(s)   Case No.              (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single Family residence | Fee Simple | J | 150,000 | 116,462 |
| | | Total -> | $150,000 | (Report also on Summary of Schedules.) |

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | | | 10 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking TCF<br>Checking TCF | | 75<br>100 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | HOUSEHOLD GOODS | | 1900 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | | |
| 6. Wearing apparel. | | WEARING APPAREL | | 400 |
| 7. Furs and jewelry. | | JEWELRY | | 600 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | |
| 9. Interests in Insurance policies. Name Insurance company of each policy and itemize surrender or refund value of each | | | | |

In re: CLEVELAND, TOMMIE & SHIRLEY    Debtor(s)    Case No. _____ (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C U D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| WELLS FARGO 3476 STATEVIEW BLVD FORT MILL SC 29715 | | | PURCHASED 1984 DIRECT PAY VALUE $ 150000 | | 97789 | |
| WELLS FARGO | | | ARREARS VALUE $ | | 7673 | |
| MARQUETTE NATIONAL BANK 6316 S. WESTERN AVE CHICAGO IL 60636 | | | 1986 DIRECT PAY VALUE $ | | 11000 | |
| CAPITAL ONE AUTO FINANCE PO BOX 93016 LONG BEACH CA 90809-3016 | | | 2002 CHEVROLET TRAILBLAZER VALUE $ 20300 | | 26000 | |
| GREAT AMERICAN FINANCE 205 W. WACKER-SUITE 322 CHICAGO IL 60606 | | | 2003 SOFA, CHAIRS, 3 tables 2 LAMPS VALUE $ 800 | | 1900 | |
| ARONSON 3401 W. 47TH STREET CHICAGO IL 60632 | | | 2002 STOVE VALUE $ 150 | | 761 | |
| CREDIT ACCEPTANCE PO BOX 55000 DEPT 188801 DETROIT MI 48255-1888 | | | 2003 2000 CHEVROLET CAVALIER VALUE $ 4750 | | 8000 | |
| THRIFT SAVINGS PLAN PO BOX 61506 NEW ORLEANS LA 70161-1500 | | | PENSION PLAN VALUE $ | | 8000 | |
| | | | VALUE $ | | | |

None continuation sheets attached    Subtotal -> (Total of this page)  $ 63334

Total -> (use only on last page)  $ 63334

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

In re CLEVELAND, TOMMIE & SHIRLEY A        Debtor(s)        Case No

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] Extensions of credit in an involuntary case
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a) (2).

[ ] Wages, salaries, and commissions
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (3).

[ ] Contributions to employee benefit plans
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (4).

[ ] Certain farmers and fishermen
Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a) (5).

[ ] Deposits by individuals
Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507 (a) (6)

[ ] Taxes and Certain Other Debts Owed to Governmental Units
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a) (7).

[ ] Commitments to Maintain the Capital of an Insured Depository Institution
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a) (8).

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CUD. | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# | | | | | | |
| None | | | | | | |
| A/C# | | | | | | |
| | | | None | | | |
| A/C# | | | | | | |
| | | | | | None | |
| A/C# | | | | | | |
| | | | | | | None |
| A/C# | | | | | | |

None   Continuation sheets attached.

Subtotal -> (Total of this page)   $ 00.00

Total -> (use only on last page of the completed Schedule E)   $ 00.00

* If contingent, enter C, if unliquidated, enter U; if disputed, enter D.        (Report total also on Summary of Schedules)

In re: CLEVELAND, TOMMIE & SHIRLEY A          Debtor(s)        Case No.          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 310145 VASCULAR SURGERY 10660 W. 143RD ST, SUITE B ORLAND PARK IL 60462 | | | 2003 MEDICAL - HUSBAND | | 250 |
| A/C # 404320889 ADVOCATE SOUTH SUBURBAN 17800 KEDZIE HAZEL CREST IL 60429 | | | 2003 MEDICAL H | | 1240 |
| A/C # KIRSCHNER VISION GROUP 2156 W. 183RD STREET HOMEWOOD IL 60430 | | | 2003 H | | 428 |
| A/C # 270738 VILLAGE OF OLYMPIA FIELDS DEPARTMENT U PO BOX 457 WHEELING IL 60090 | | | 2003 MEDICAL ASHLEY | | 490 |
| A/C # 1167-1081 ORLAND OPEN MRI 14315 S. 108TH AVE ORLAND PARK IL 60462 | | | 2003 MEDICAL H | | 1360 |
| A/C # 019841 CARDIOLOGY DIAGNOSTIC PO BOX 66 FOREST PARK IL 60130 | | | 2002 MEDICAL W | | 191 |
| A/C # 200302053679 INGALLS HOSPITAL ONE INGALLS DRIVE HARVEY IL 60426 | | | 2003 MEDICAL ASHLEY | | 238 |
| A/C # 554526-1237 RADIOLOGY IMAGING PO BOX 637 FRANKFORT IL 60423 | | | 2003 MEDICAL W | | 125 |
| A/C # TINLEY PARK ORTHODONTIC 16650 S. HARLEM AVE TINLEY PARK IL 60477 | | | 1999-2003 MEDICAL TORRE | | 2039 |

2  Continuation Sheets attached.

Subtotal -> (Total of this page) $ 6361

If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

Total -> $
(use only on last page of completed Schedule F.)

In re: CLEVELAND, TOMMIE & SHIRLEY A          Debtor(s)     Case No

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 708 481 5938 0899<br>SBC<br>BILL PAYMENT CENTER<br>CHICAGO IL 60663-0001 | | | UTILITY 2004 | | 300 |
| A/C # 4 14 57 3367 3<br>NICOR<br>PO BOX 310<br>AURORA IL 60507-0310 | | | UTILITY 2004 | | 1049 |
| A/C # 5301827225<br>LASALLE BANK<br>135 SOUTH LASALLE ST.<br>CHICAGO IL 60603 | | | OVERDRAFTS 2004 | | 481 |
| A/C # 0012590770<br>DIRECTV<br>P.O BOX 78627<br>PHOENIX AZ 85062-8627 | | | UTILITY 2004 | | 271 |
| A/C #<br>CBE GROUP<br>131 TOWER PARK, SUITE 100<br>PO BOX 2635<br>WATERLOO IA 50704-2635 | | | MAY HAVE INTEREST IN DIRECTV CLAIM | | |
| A/C #<br>AMERICASH LOANS<br>3200 W. 159TH ST.<br>MARKHAM IL 60426 | | | Personal loans 2003 2004 | | 2400 |
| A/C #<br>ONE IRON VENTURES<br>d/b/a Instant Cash Advance<br>4714 W. LINCOLN HWY<br>MATTESON IL 60443 | | | Personal loans 2004 | | 500 |
| A/C # | | | | | 200 |
| A/C #<br>COM ED<br>BILL PAYMENT CENTER<br>CHICAGO IL 60668-0001 | | | UTILITY 2004 | | 541 |

Sheet no. 2 of 3 sheets attached to Schedule of Creditors Holding Nonpriority Claims.

Subtotal -> $ 5742
(Total of this page)

Total -> $

In re: CLEVELAND, TOMMIE & SHIRLEY A     Debtor(s)     Case No

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 4388-6417-1703-7308 CAPITAL ONE SERVICES PO BOX 60000 SEATTLE WA 98190-6000 | | | 2003-2004 misc | | 806 |
| A/C # CL04-27463-0005 PAYDAY LOAN STORE 1515 WESTERN AVE CHICAGO HEIGHTS IL 60411 | | | 2003-2004 personal loans | | 1064 |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |
| A/C # | | | | | |

Sheet no. 3 of 3 sheets attached to Schedule of Creditors Holding Nonpriority Claims.

Subtotal -> $ 1870
(Total of this page)

Total -> $ 13973

n re: CLEVELAND, TOMMIE & SHIRLEY A          Debtor(s)     Case No.          (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

In re: CLEVELAND, TOMMIE & SHIRLEY A                    Debtor(s)     Case No.              (if known)

## SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|   |   |

In re: CLEVELAND, TOMMIE & SHIRLEY A                    Debtor(s)     Case No.              (if known)

NITED STATES BANKRUPTCY COURT        NORTHERN    DISTRICT OF    ILLINOIS

re: CLEVELAND, TOMMIE & SHIRLEY A         Debtor(s)         Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses e separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should ovide the information requested on this statement concerning all such activities as well as the invididual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. Each question ust be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the swer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

EFINITIONS
"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing ecutive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such iliates; any managing agent of the debtor. 11 U.S.C. §101(30).

] None    1. Income from Employment or Operation of
isiness

te the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case s commenced. State also the gross amounts received during the o years immediately preceding this calendar year. (A debtor that intains, or has maintained, financial records on the basis of a fis- l rather than a calendar year may report fiscal year income. Iden- y the beginning and ending dates of the debtor's fiscal year.) If oint petition is filed, state income for each spouse separately. (Mar- d debtors filing under chapter 12 or chapter 13 must state income both spouses whether or not a joint petition is filed, unless the ouses are separated and a joint petition is not filed.)
e AMOUNT and SOURCE (If more than one).

|      | H      | W      |
|------|--------|--------|
| 2004 | ∅      | 20652  |
| 2003 | 4000   | 62000  |
| 2002 | 42,000 | 58000  |

] None    2. Income Other than from Employment or Opera-
n of Business

te the amount of income received by the debtor other than from iployment, trade, profession, or operation of the debtor's business ring the two years immediately preceding the commencement of s case. Give particulars. If a joint petition is filed, state income r each spouse separately. (Married debtors filing under chapter 12 chapter 13 must state income for each spouse whether or not a nt petition is filed, unless the spouses are separated and a joint tition is not filed.)
e AMOUNT and SOURCE.

H

2003   8400   unemployment

Payments to Creditors

] None    a. List all payments on loans, installment purchases goods or services, and other debts, aggregating more than $600 any creditor, made within 90 days immediately preceding the com- ncement of this case. (Married debtors filing under chapter 12 chapter 13 must include payments by either or both spouses whether not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)
e NAME AND ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID AMOUNT STILL OWING.

682 × 3         CAPITAL ONE AUTO
288 × 3         CREDIT ACCEPTANCE

] None    b. List all payments made within one year immedi- ly preceding the commencement of this case to or for the benefit creditors who are or were insiders. (Married debtors filing under apter 12 or chapter 13 must include payments by either or both ouses whether or not a joint petition is filed, unless the spouses e separated and a joint petition is not filed.)
e NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR. TE OF PAYMENT, AMOUNT PAID and AMOUNT STILL OWING.

Suits, Executions, Garnishments and Attachments

] None    a. List all suits to which the debtor is or was a party ithin one year immediately preceding the filing of this bankruptcy se. (Married debtors filing under chapter 12 or chapter 13 must clude information concerning either or both spouses whether or t a joint petition is filed, unless the spouses are separated and a int petition is not filed.)
e CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING, COURT ND LOCATION and STATUS OR DISPOSTION.

] None    b. Describe all property that has been attached, gar- shed, or seized under any legal or equitable process within one year

immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY

☒ None    5. Repossessions, Foreclosures, and Returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

6. Assignments and Receiverships

☒ None   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

☒ None   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

☒ None    7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT, and DESCRIPTION AND VALUE OF GIFT.

☒ None    8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS and DATE OF LOSS.

☐ None    9. Payments Related to Debt Counseling or Bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.
Give NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

Ronald B. Lorsch, 1829 W. 170th Street, Hazel Crest, IL

$ 206 Attorney's Fees
$ 194 Filing Fee

☒ None    10. Other Transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE, and DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED.

UNITED STATES BANKRUPTCY COURT              NORTHERN   DISTRICT OF   ILLINOIS

In re CLEVELAND, TOMMIE & SHIRLEY A         Debtor(s)        Case No.                  (If Known)

# STATEMENT.
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.
(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:
   (a) for legal services rendered or to be rendered in contemplation of and in connection
       with this case                                                                    $ 2700.
   (b) prior to filing this statement, debtor(s) have paid                               $ 206
   (c) the unpaid balance due and payable is                                             $ 2494 + 9.40 Copying
(3) $ 194   of the filing fee in this case has been paid.                                Cost = $ 2503.40
(4) The services rendered or to be rendered include the following:
   (a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
       petition under title 11 of the United States Code.
   (b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   (c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
    performed.xxxx

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
    earnings, wages and compensation for services performed xxxx

(7) The undersigned has received no transfer, assignment or pledge of property execept the following for the value stated:

                                                  None

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
    any compensation paid or to be paid except as follows:

                                                  None

ated:                     Respectfully submitted, Ronald B. Lorsch        Attorney for Petitioner

torney's name and address Ronald B. Lorsch, 1829 West 170th Street, Hazel Crest, IL  60429